IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 25, 2008

## TIMOTHY E. HIGGS v. JAMES WORTHINGTON, Warden

**Direct Appeal from the Criminal Court for Morgan County**
**No. 9355     E. Eugene Eblen, Judge**

**No. E2007-02266-CCA-R3-HC - Filed July 7, 2008**

The Petitioner was convicted of possession of contraband in a penal institution, a Class C felony, and was sentenced to ten years as a Range III offender. He filed a petition for habeas corpus relief claiming that he did not knowingly and intelligently waive his right to counsel when he represented himself at trial and that the indictment was defective. The habeas corpus court dismissed the petition without a hearing. After a thorough review of the record and applicable law, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Timothy E. Higgs, Petros, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Deshea Dulany and John Bledsoe, Assistant Attorneys General, for the Appellee, the State of Tennessee.

## OPINION

### I. Facts

We outlined the following facts on the direct appeal of the Defendant's conviction:

[O]n the afternoon of February 28, 1999, Eric Gordon, the jailor for the Weakley County Sheriff's Office, was making his rounds in the Weakley County jail when he observed the defendant smoking a homemade cigarette while incarcerated in the jail. Gordon smelled an odor of burning marijuana and incense. He looked through the door of the day room and saw the defendant sitting on a bunk, smoking a homemade cigarette. He asked the defendant to bring him the cigarette, but the defendant

refused. The jailor testified that the defendant jumped up and panicked when he asked for the cigarette. The defendant began throwing things under the bunk.

The jailor decided that it was not prudent to enter the day room alone, and he left to get assistance. He returned with another deputy, and they found the defendant smoking a regular, filtered cigarette. When the defendant acted belligerently, they placed him in the drunk tank and searched the day room. The jailor discovered three marijuana cigarettes under the bunk where the defendant had been sitting.

*State v. Timothy E. Higgs*, No. W1999-01534-CCA-R3-CD, 2000 WL 1024553, at *1 (Tenn. Crim. App., at Jackson, July 24, 2000), *perm. app. denied* (Tenn. Mar. 12, 2001). This Court affirmed the Petitioner's conviction. *Id*. at *3.

In 2006, the Petitioner filed a petition for habeas corpus relief alleging "his sentence of ten years as a persistent offender is illegal because the state did not timely file a notice to seek an enhanced punishment, and he did not have the requisite number of prior convictions to qualify as a persistent offender." *Timothy E. Higgs v. State*, No. E2005-02712-CCA-R3-HC, 2006 WL 3628074, at *1 (Tenn. Crim. App., at Knoxville, Dec. 14, 2006), *perm. app. denied* (Tenn. Mar. 12, 2007). This Court affirmed the denial of habeas corpus relief. *Id*. at *3.

In his latest petition for habeas corpus relief, the Petitioner alleges that he did not knowingly and voluntarily waive his right to counsel when he represented himself at trial and that the indictment was defective. The habeas court denied the petition without a hearing, and it is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends the habeas court erred because he did not knowingly and voluntarily waive his right to counsel and the indictment against him is fatally deficient. Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2006) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition

directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhard*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The Petitioner's first allegation, that he did not knowingly and voluntarily waive his right to counsel when he represented himself at trial, is not a colorable claim for habeas corpus relief. This type of claim is a claim that his conviction is voidable, not void, because it requires the introduction of proof beyond the record. *Cf. Archer*, 851 S.W.2d at 164 ("The petition in this case, however, like most *post-conviction* challenges to the voluntariness of guilty pleas, alleges only that, upon introduction of further proof and after appropriate findings of fact by the trial judge, the facially valid judgments may be voided.") (emphasis in original). As this is not a claim that the trial court was without jurisdiction or authority or that the sentence has expired, the Petitioner is not entitled to relief on this issue. *See Stephenson*, 28 S.W.3d at 911.

Next, the Petitioner alleges the indictment was fatally deficient. Although he failed to attach a copy of the indictment to his petition, he did allege the indictment read as follows:

> On the 28th day of February, 1999, in Weakley County, Tennessee and before the finding of this indictment, did unlawfully feloniously and knowingly have in his possession a controlled substance while present in the Weakley County Jail, a penal institution where prisoners were quartered and under custodial supervision without the express written consent of the chief administrator of the said institution in violation of T.C.A. § 39-16-201(a)(2) a class [C] felony contraband in a penal institution.

Under some circumstances, an indictment can be so defective as to deprive a court of jurisdiction. *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). "Generally stated, an indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (citing *State v. Byrd*, 820 S.W.2d 739, 741 (Tenn. 1991); *VanArsdall v. State*, 919 S.W.2d 626, 630 (Tenn. Crim. App. 1995); *State v. Smith*, 612 S.W.2d 493, 497 (Tenn. Crim. App. 1980)). Because he did not attach the indictment to his petition, he is not entitled to relief. However, assuming the indictment reads as the Petitioner alleges it does, we conclude that the indictment conforms to the requirements of *Hill*. The Petitioner is not entitled to relief on this issue.

### III. Conclusion

After a thorough review of the record and applicable law, we conclude that the Petitioner is not entitled to relief, and the judgment of the habeas court is affirmed.

3

_____
ROBERT W. WEDEMEYER, JUDGE